FOWLER *et al. v.* BLACKSTOCK. FOWLER *et al. v.* BUICE.

It was not error to direct the verdicts in these cases.

Nos. 2843, 2844.. June 22, 1922.

Complaint for land. Before Judge Blair. Forsyth superior court. August 28, 1922.

*J. V. Poole,* for plaintiffs. *H. L. Patterson,* for defendants.

Fish, C. J. In April, 1889, the owner of certain land conveyed it to the Equitable Mortgage Company to secure the payment of a loan made to him by the company. In March, 1891, the grantor in the security deed executed his will in which he devised the land covered by the security deed to his widow during her life, with remainder to his heirs at law. The testator died in 1892, and his will was duly probated. The loan matured in April, 1894; and not being paid, the Equitable Mortgage Company sued and obtained judgment thereon, executed and had recorded a quitclaim deed to the executor and executrix of the will of the maker of the

security deed, had execution levied upon the land covered by such deed, and the property, which consisted of several lots and parts of lots, was sold by the sheriff under the execution. The widow of the testator, who was executrix of his will and also life-tenant, bid off the property at such sale, which occurred in April, 1899, for a sum little less than the amount of the loan, and directed the sheriff to execute a deed to a third person. The sheriff complied with such direction; and his vendee, in November, 1905, conveyed the property by warranty deed to the widow, who remained in actual possession of a part of the land, claiming it as her own under the sheriff's deed and the deed from the vendee therein to herself and in her individual right, until her death in 1919. The remaindermen had knowledge of her adverse claim of title during the time of her possession. After her death the remaindermen brought an action against her executor for recovery of the land which she was in possession of at the time of her death, and a separate action against her remote grantee for that portion of the land sold by her after she set up claim thereto under the sheriff's sale. The two cases were, by consent, tried together. A verdict in each case was directed for the defendant therein, and the plaintiffs excepted.

The sheriff's sale was valid, and divested all title or interest that the estate of the testator had in the property, as well as all interest his widow as a life-tenant had therein, as well as all interest that the remaindermen or heirs had in the property, unless such sale was voidable at the instance of the remaindermen or heirs by reason of the fact that the executrix bid off the land and had the sheriff to execute his deed thereto to a third person, and that such person subsequently conveyed the land to the executrix in her individual capacity. If the sale were voidable for this reason, then the remaindermen or heirs, who had knowledge of all the facts hereinbefore stated, should have moved within a reasonable time (which they failed to do), during the life of the widow and executrix, to have the property decreed, on reimbursing her, to belong to the estate of her testator. The sheriff's sale was not void, or voidable at the instance of the remaindermen or heirs, by reason of the fact that several lots of land were sold by the sheriff in bulk, there being no evidence to indicate the value of the respective lots, or that separate sales of less than the whole would have brought a sufficiency to satisfy the execution. Accordingly,

the judge did not err in directing the verdicts of which complaint is made.    *Judgment affirmed.    All the Justices concur.*